## GEORGE BRISCOE

*v.*

## JOHNSON A. POWER.

1. FORMER SUIT—*when not a bar.* In a suit by a party having purchased the west half of a tract of land, against the purchaser of the east half thereof, to compel the latter to contribute his *pro rata* share of money paid by the complainant to satisfy a deed of trust given by a former owner on the whole tract, and to subject his part of the land to its payment, the fact that the defendant, before the filing of the bill, had brought suit to foreclose a mortgage on the west half of the land, in which the complainant in the later suit was a defendant, will present no bar to the last suit.

2. CONTRIBUTION—*of burden among land owners.* Where a tract of land is sold by the owner, subject to a deed of trust thereon, one-half to the defendant and the other half to the complainant, each to pay his *pro rata* share of the incumbrance, if the complainant is compelled to pay more than his share of the debt, to protect his own land, a court of equity will compel the defendant to pay him the amount justly due from him to the complainant, and make the decree a lien on his part of the land.

3. PARTIES IN CHANCERY—*trustees in trust deed.* Where a party is compelled to pay off a debt secured by deed of trust on his and another's land, and the same is released, in a suit to adjust the equities between such party and the other land owner, the trustees in the trust deed are not necessary parties, as they have no interest to be affected.

APPEAL from the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

This was a bill in chancery, by Johnson A. Power, against George Briscoe, to compel the latter to contribute his just

share in the payment of a debt secured on the lands of both parties by a deed of trust.

The bill, in substance, alleges that, on May 11, 1861, Samuel Gaity conveyed the north-west quarter of section 3, township 3 north, range 1 east, to Catharine Van Near, and that she gave the vendor her five notes, of $395.30 each, with six per cent interest till due, and ten per cent afterwards, and secured their payment by a deed of trust to Whittaker and Stone as trustees. The notes fell due on December 1, 1862, 1863, 1864, 1865 and 1866. Mrs. Van Near sold and conveyed the whole tract to Frank Lloyd, and Gaity agreed with Lloyd to release the east eighty acres of the land when one-half the amount due him was paid. On April 15, 1863, Lloyd sold and conveyed the east eighty acres of the tract, subject to the deed of trust on the entire quarter. On December 7, 1864, Lloyd sold and conveyed to Johnson A. Power, the complainant, the balance of the quarter, being sixty-five acres, with the understanding he should pay his *pro rata* share of the notes secured by the trust deed on the whole tract. In 1867, Edgar Briscoe, defendant's brother, purchased the notes of Gaity, and caused the trustees to advertise the land of complainant (the west half) for sale, which sale was enjoined in a suit for that purpose, and a decree rendered that complainant and the defendant each pay his *pro rata* share of the notes. The complainant was afterwards compelled to pay the balance of the notes, including $379.53 that the defendant should have paid. The bill prayed for a decree against the defendant for his share of the notes paid by complainant, and that the defendant's land be sold to pay the decree.

The defendant answered, and, among other things, set up that, when he bought of Lloyd, the latter still owned the west half of the quarter section, which he afterwards sold to the complainant; that Lloyd gave the defendant a mortgage on said west half of the land, conditioned that Lloyd would pay one of the notes given by Van Near to Gaity of $395.36, due December 1, 1864, with the interest thereon, to be applied as a payment on the part of the land sold by Lloyd to the defend-

ant; that, at the October term, 1871, of the Marion circuit court, he filed his bill to foreclose this mortgage, making the complainant, Lloyd and others defendants; that complainant answered, and, on the hearing, a decree was rendered against Briscoe, and dismissing his bill, and that the complainant, having an opportunity of presenting his equities in that suit, and failing to do so, is barred of his right to maintain this bill. The court below sustained an exception to this part of the defendant's answer, and found there was due the complainant, from the defendant, $372.40, with interest from September 1, 1869, at six per cent, making, in all, $495.08, and made it a lien on the east half of said quarter, and directed sale of the land if the sum was not paid in thirty days.

Mr. B. B. SMITH, and Mr. W. WALKER, for the appellant.

Mr. HENRY C. GOODNOW, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a proceeding, on the equity side of the circuit court of Marion, by bill, in which Johnson A. Power was complainant and George Briscoe defendant, which resulted in a decree for complainant, as prayed. The defendant appeals, and makes the point, and it is the most material one, that, inasmuch as complainant herein was, with others, defendant to a bill in chancery theretofore brought by appellant to foreclose a certain mortgage on a part of the land the subject of controversy, complainant did not interpose a cross-bill in order to the adjustment of his equities now sought to be established, and his failing to do so bars him of any right to maintain this suit; that, as to the subject matter of this suit, those proceedings adjudged it.

A complete answer to this is, that the foreclosure suit by Briscoe, against Lloyd and others, including this complainant, was for a different piece of land. being for the west half of the north-west quarter of section 3, while the right of complainant arises out of the east half of that quarter section, to

free which from a trust deed he was bound to pay a large sum of money, which appellant was legally bound to pay. It is a case presenting strong equities on the part of appellee, and we are at a loss to perceive how the proceedings to foreclose the east half could so affect the west half as to require appellee, in order to preserve his rights, to file a cross-bill. Such a bill is necessary where a defendant is entitled to some positive relief beyond what the scope of complainant's suit would afford him. It does not appear there was anything in the original foreclosure suit brought by Briscoe necessary to be made the subject of cross-litigation.

Some objection is made that Whittaker and Stone, the trustees in the original sale and deeds, were not made parties. We see no necessity that they should be parties, as this decree in no way affects them or the interests they represent.

As to the amount of the decree, a close computation shows it is a trifle too large, but not so large as to justify a reversal.

On the whole record, we find no error, and affirm the decree.

*Decree affirmed.*